UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4298

SIXTO MARCELINO GARCIA, a/k/a Tito,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-98-87)

Submitted: April 13, 2000

Decided: April 21, 2000

Before WIDENER and WILKINS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas E. Kingsbery, THARRINGTON SMITH, L.L.P., Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sixto Marcelino Garcia appeals his 168-month sentence imposed following a guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C.A. § 846 (West 1994 & Supp. 1999). Garcia asserts the district court erred in not stating its reasoning for imposing a sentence at the high end of the guidelines range and in sentencing him at the high end of the guidelines range based upon his level of involvement in the offense of conviction, when the court already increased his offense level under U.S. Sentencing Guidelines Manual, § 3B1.1(c) (1998).

Because Garcia did not object to the alleged errors below, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Under 18 U.S.C.A. § 3553(c) (West Supp. 1999), a sentencing court must state in open court the reason for imposing a particular sentence. When the guidelines range is more than twenty-four months, the court must further state in open court the reason for imposing a sentence at a particular point in the guidelines range. See § 3553(c)(1). Even assuming that the court's failure to explain its reasoning is reviewable, we find no plain error. We further find that the court did not plainly err in both increasing Garcia's sentence offense level and sentencing him at the high end of the guidelines range based upon his role in the conspiracy. See 18 U.S.C. § 3661 (1994) ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence").

Accordingly, we affirm Garcia's sentence. We dispense with oral argument because the facts and legal contentions are adequately pre-

2

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3